**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DEMETRIUS CURTIS                                                    PETITIONER


v.                                     5:14CV00294 DPM/HDY


RAY HOBBS, Director of the
Arkansas Department of Corrections                        RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

In November of 2013 Demetrius Curtis filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.   Mr. Curtis alleged that he had served his sentence and the Arkansas

Department of Corrections ("ADC") has erroneously calculated his release date.   The parties agreed

that Curtis was originally sentenced to a ten year term of imprisonment in 2001 for simultaneous

possession of drugs and firearms and possession of a controlled substance.   The respondent

contended the petitioner had not yet served his sentence because he had "repeatedly" absconded

from parole.   Docket entry no. 18, page 1, *Curtis v. Hobbs,* Case No. 4:13cv00638.   The undersigned

recommended dismissal of the case in a Report and Recommendation dated March 20, 2014, finding

that the calculation of a state sentence was first a matter for the state courts.   The Court specifically

noted that the petitioner had not pursued a request for declaratory judgment and writ of mandamus

in state court.   Therefore, the petition was dismissed without prejudice and Mr. Curtis was allowed

to pursue relief in state court.   The Report and Recommendation was adopted by United States

District Judge D. P. Marshall Jr. on April 11, 2014, and judgment was entered.

On April 28, 2014, Mr. Curtis filed another petition for writ of habeas corpus, alleging again

that his release date had passed and yet he was still incarcerated.   Noting that this was the same

claim raised in Case No. 4:13cv00638, the undersigned recommended dismissal for the same reasons

stated in the earlier case.

2

Mr. Curtis now files another habeas corpus petition, along with an amended petition. (Docket entries nos. 1 & 2). In these pleadings he again alleges that he is being detained illegally because his sentence has expired. He also alleges that his due process rights and his right to be free from cruel and unusual punishment were violated when he was incarcerated from July 3, 2014, through August 7, 2014, the period of time during which he pursued a state habeas corpus petition in the Circuit Court of Chicot County[1]. The essence of both claims are identical to the claim raised in the earlier cases – he is illegally detained because his sentence has expired.

The respondent urges dismissal of this petition for two reasons, noting that Mr. Curtis should be required to first exhaust his state court remedies regarding the calculation of his sentence, as the Court ruled in the earlier cases. We agree. The following quote, from our Report and Recommendation in *Curtis v. Hobbs,* Case No. 4:13cv00638, remains applicable:

> It appears that the petitioner has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment and writ of mandamus raising the issue which he now presses in his habeas petition. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). The petitioner's claim in this case is that the state has improperly calculated his sentence. He contends that proper calculation would result in his immediate release. This claim would appear to be cognizable in state court.
>
> If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Curtis can challenge the calculation of his sentence in state court by filing for declaratory relief and writ of mandamus. He has not filed such an action raising this ground for relief.
>
> As a result, we find that the petitioner must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c)). It follows that we recommend that the petition be dismissed without prejudice to allow the petitioner to pursue relief in state court.

---

[1] The state court dismissed Mr. Curtis' petition because it was deficient on its face, as state habeas relief is available only if the trial court lacked jurisdiction or if the commitment order was invalid on its face. Therefore, Mr. Curtis' claim of illegal detention was not a cognizable claim in a state habeas corpus proceeding. See Docket Entry nos. 7-1 and 7-2.

We recommend dismissal for the same reasons cited in Case No. 4:13cv00638 and in Case No. 5:14cv00156.  Mr. Curtis  must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c)).

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to seek appropriate relief in state court, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  15   day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE